1  Elan S. Mizrahi (No. 017388)
   E-Mail:  esm@jhc-law.com
2  **JENNINGS, HAUG & CUNNINGHAM, LLP**
   2800 North Central Avenue, Suite 1800
3  Phoenix, Arizona 85004-1049
   602-234-7800
4
   Attorneys for Plaintiffs
5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8  Designer Skin, LLC, an Arizona          Case No.
   limited liability company; Splash
9  Tanning Products, LLC, an Arizona       **COMPLAINT**
   limited liability company; Boutique
10 Tanning Products, LLC, an Arizona
   limited liability company,
11
                 Plaintiffs,
12
   vs.
13
   S & L Vitamins, Inc. d/b/a Body Source
14 d/b/a thesupplenet.com, a New York
   corporation; and Larry Sagarin, an
15 unmarried individual,
16               Defendants.

17

18      Plaintiffs Designer Skin, LLC, Splash Tanning Products, LLC and Boutique

19 Tanning Products, LLC (collectively, "Designer Skin"), for their Complaint against

20 S & L Vitamins, Inc. d/b/a Body Source d/b/a thesupplenet.com and Larry Sagarin

21 (collectively, "Defendants"), and each of them, hereby allege as follows:

22                     **GENERAL ALLEGATIONS**

23      1.    Designer Skin is an Arizona limited liability company lawfully existing

24 by virtue of the laws of the State of Arizona with its principal place of business in

25 Maricopa County, Arizona.

26      2.    Upon information and belief, Defendant S & L Vitamins, Inc. d/b/a

27 Body Source d/b/a thesupplenet.com is a New York corporation.

28 / / /

3.     Upon information and belief, Defendant Larry Sagarin is an unmarried individual who resides in the State of New York.

4.     The acts and omissions of Defendants, and each of them, as alleged herein, were undertaken jointly and severally by Defendants, and Defendants acted in concert with one another and as agents or representatives of each other with respect to the same.  As such, Defendants are jointly and severally liable for the facts and circumstances alleged herein.

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Designer Skin is an Arizona corporation and Defendants are all corporations, citizens and/or residents of states other than Arizona, and the amount in controversy exceeds $75,000.00.  Furthermore, this Court has original jurisdiction over Counts Four, Five and Six, which assert federal statutory causes of actions, and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a).

6.     Some of the facts and circumstances complained of herein and the resulting damages occurred in the State of Arizona.  As such, pursuant to 28 U.S.C. § 1391, venue is proper in this Court.

7.     Designer Skin manufactures, distributes, promotes, markets, advertises and sells sun tanning and other skin care and health-related products for use and/or retail sale in tanning salons in the United States and internationally.

8.     Defendants own and operate one or more internet web site(s) that engage in the unlawful infringement of Designer Skin's intellectual property rights, that unfairly compete in the marketplace with Designer Skin, and that intentionally and tortiously interfere with Designer Skin's agreements with one or more of its distributors.

9.     Designer Skin owns federally-registered trademarks for Designer Skin, Boutique, Splash!, Tao, Shrine, Ray of Light, Sheer Wisdom, Halo, Soul, Secret Rapture, Siren, Believe, Goddess, Worship, Bombshell, Angel, Undercover Angel, Ultimate Love Junkie, Bi Polar, Neurotic, High Maintenance, Rock Star, Drama

Queen, Supernatural, Dolce, Smolder, Bronze Bondage, Veritas, Ritual, Faker, Choc O Holic, Floozy, Shameless, Daddy O, Try Me, Amazing Face, Saving Face, The Big "O", Lip Service, Skinny Dip Lip Plumper, as well as other products (the "Products").

10.    The trademarks for the Products are inherently distinctive or have become distinctive in the minds of purchasers such that the trademarks are associated with a single source.

11.    Designer Skin has consistently and continuously displayed the trademark symbol "™" or its equivalent with each of the marks associated with the Products and has not licensed or otherwise authorized the right to use these marks to Defendants.

12.    Designer Skin has used all of the marks associated with the Products prior to any use by Defendants.

13.    Designer Skin has protectible copyrights with respect to its works, labels, drawings, images, expressions, texts, product descriptions, photographs and marketing materials associated with the Products.

14.    Defendants, through the use of their internet web site(s) and otherwise, have copied works, labels, drawings, images, expressions, texts, product descriptions, photographs, marketing materials and other intellectual properties belonging to Designer Skin, and have used the same for sales, marketing, and distribution, and have otherwise unlawfully misappropriated Designer Skin's intellectual properties and have deceived, misled and confused customers with respect to the same.

15.    Defendants engaged in the above-referenced acts and omissions intentionally and with the actual knowledge of Designer Skin's use of and its rights in its trademarks, copyrights and other intellectual property.  Defendants have and continue to willfully, wantonly, intentionally, knowingly and purposefully falsely associate themselves with Designer Skin and infringe upon Designer Skin's

1  intellectual property rights in order to capitalize upon and profit from Designer

2  Skin's reputation and goodwill, thereby violating Designer Skin's rights therewith.

3      16.    As a result of Defendants' unlawful and wrongful conduct as alleged

4  herein, Designer Skin has suffered damages in an amount to be proven at trial.

5      17.    Designer Skin has suffered and will continue to suffer irreparable harm

6  and has no adequate remedy at law, thereby warranting injunctive relief.

7      18.    The conduct of Defendants as alleged herein was performed

8  intentionally, knowingly, willfully, purposefully, wantonly, with an evil mind

9  guiding an evil hand, and with reckless disregard of the rights of Designer Skin and

10  the general public, thereby warranting an award of punitive damages in favor of

11  Designer Skin.

## COUNT ONE

### (Injunctive Relief)

14      19.    Designer Skin incorporates herein by this reference all other allegations

15  contained in this Complaint.

16      20.    This Court is authorized to issue a preliminary injunction and

17  permanent injunction to enjoin Defendants, their officers, partners, associates,

18  employees, agents, representatives, attorneys, internet web hosts and any and all

19  persons acting on Defendant's behalves and/or under their direction and/or in

20  concert with them, now and hereafter, from 1) using Designer Skin's intellectual

21  property or any confusingly similar names, marks, images, expressions or

22  designations therewith whether in connection with Defendants' internet web site(s)

23  or in any other way; 2) taking any action that is likely to cause or actually causes

24  confusion as to the source, origin, authority, ownership or sponsorship of such web

25  site(s) or the goods and services represented therewith; 3) infringing upon or

26  diluting the distinctive quality of Designer Skin's intellectual property; 4) using,

27  copying or otherwise misappropriating Designer Skin's intellectual property; 5)

28  unfairly competing with Designer Skin in any manner; and 6) interfering with the

agreements between Designer Skin and its distributors.

21.     As a result of the wrongful, unlawful, unauthorized and injurious acts as alleged herein, Designer Skin has experienced and will continue to experience irreparable harm to its business reputation, goodwill and product identity.

22.     Designer Skin has a strong likelihood of success on the merits in this case because it is the rightful owner of the intellectual property upon which Defendants are infringing and Defendants have no legitimate interests in same, and because Defendants are unfairly competing with Designer Skin and tortiously interfering with Designer Skin's agreements with its distributors.

23.     There is no adequate remedy at law for Designer Skin without injunctive relief because injunctive relief is a necessary mechanism to compel Defendants to permanently cease and desist their previously-referenced wrongful and unlawful activity.

24.     The balance of hardships weighs sharply in favor of granting Designer Skin's requested injunctive relief based upon the comparison of the harm that Designer Skin has incurred and will continue to incur if injunctive relief does not issue as compared to the harm, or lack thereof, that Defendants would suffer if this Court grants the request for injunctive relief.  Designer Skin will continue to suffer irreparable harm based upon Defendants' infringement upon Designer Skin's proprietary intellectual property, whereas Defendants will suffer little or no harm should injunctive relief issue.

WHEREFORE, Designer Skin respectfully requests the equitable relief of a preliminary injunction and a permanent injunction restraining and enjoining Defendants, their officers, partners, associates, employees, agents, representatives, attorneys, internet web hosts and any and all persons acting on Defendant's behalves and/or under their direction and/or in concert with them, now and hereafter, from 1) using Designer Skin's intellectual property or any confusingly similar names, marks, images, expressions or designations therewith whether in

connection with Defendants' internet web site(s) or in any other way; 2) taking any action that is likely to cause or actually causes confusion as to the source, origin, authority, ownership or sponsorship of such web site(s) or the goods and services represented therewith; 3) infringing upon or diluting the distinctive quality of Designer Skin's intellectual property; 4) using, copying or otherwise misappropriating Designer Skin's intellectual property; 5) unfairly competing with Designer Skin in any manner; and 6) interfering with the agreements between Designer Skin and its distributors.

## COUNT TWO

### (Common Law Trademark Infringement)

25.     Designer Skin incorporates herein by this reference all other allegations contained in this Complaint.

26.     By and through the acts and omissions described above, and each of them, Defendants have interfered with the common law trademark rights of Designer Skin and have caused damages to Designer Skin in an amount to be proven at trial.

27.     Each and every separate act of common law trademark infringement by Defendants constitutes a separate claim herewith.

## COUNT THREE

### (State Statutory Trademark Infringement)

28.     Designer Skin incorporates herein by this reference all other allegations contained in this Complaint.

29.     By and through the acts and omissions described above, and each of them, Defendants have violated the terms of A.R.S. § 44-1441, *et seq.* and have caused damages to Plaintiffs therewith, all in an amount to be proven at trial.

30.     Pursuant to A.R.S. § 44-1451, Designer Skin is entitled to recover from Defendants its damages in an amount to be proven at trial, Defendants' profits and costs.  Designer Skin is also entitled to injunctive relief, as well as the confiscation or

destruction of any unauthorized copy of computer software that when used depicts or displays or causes to be depicted or displayed a registered mark.

31.     Each and every separate act of state statutory trademark infringement by Defendants constitutes a separate claim herewith.

**COUNT FOUR**

**(Federal Trademark Infringement)**

32.     Designer Skin incorporates herein by this reference all other allegations contained in this Complaint.

33.     Designer Skin owns registered United States trademarks for the Products identified in paragraph 9 herein.  Designer Skin has expended substantial money and other resources to advertise and promote said products for commercial purposes.

34.     Defendants have used and/or are continuing to use the previously-mentioned trademarks in connection with their advertising, promotion and/or sales of products without authorization or license to do so.  Furthermore, Defendants are using said trademarks as metatags in order to cause internet search engines to divert customers from Designer Skin's web site to other unauthorized web sites to Defendants' web site(s).

35.     Defendants' conduct as alleged herein has caused and is likely to cause confusion and mistakes as to the affiliation, connection and/or association of Defendants' web site(s) with Designer Skin and the source and origin of Designer Skin's Products.

36.     Defendants' conduct as alleged herein has been and remains intentional, knowing and malicious.

37.     Defendants' conduct as alleged herein constitutes trademark infringement in violation of The Lanham Act, 15 U.S.C. § 1051, *et seq.*, and has caused substantial and irreparable injury to Designer Skin and the general public. / / /

38.     Defendants' conduct as alleged herein has caused unjust enrichment to Defendants and monetary damages to Designer Skin in an amount to be proven at trial.  Furthermore, pursuant to The Lanham Act, treble damages are warranted.

39.     Each and every separate act of federal trademark infringement by Defendants constitutes a separate claim herewith.

## COUNT FIVE

### (Trademark Dilution)

40.     Designer Skin incorporates herein by this reference all other allegations contained in this Complaint.

41.     Designer Skin's trademarks as discussed herein are each distinctive and famous, and have been so since prior to Defendants' use of same.

42.     Defendants' conduct as alleged herein has diluted the distinctive quality of Designer Skin's trademarks in violation of 15 U.S.C. § 1125.

43.     Defendants' conduct as alleged herein has been performed in willful and conscious disregard of Designer Skin's intellectual property rights and with the intent to dilute the value of Designer Skin's intellectual property rights and to profit upon Designer Skin's reputation and goodwill, and such conduct is continuing.

44.     As a result of Defendants' conduct as alleged herein, Defendants have been unjustly enriched by same and Designer Skin has suffered monetary damages in an amount to be proven at trial.  Furthermore, treble damages are warranted.

45.     Each and every separate act of trademark dilution by Defendants constitutes a separate claim herewith.

## COUNT SIX

### (Copyright Infringement)

46.     Designer Skin incorporates herein by this reference all other allegations contained in this Complaint.

47.     Designer Skin exclusively owns all of the copyrights in its marketing materials, photographs, works, drawings, promotional materials and product labels

and texts, as well as the art work, designs, sketches, expressions, color patterns and other distinctive features of same.

48.     Defendants have misappropriated Designer Skin's intellectual property rights herein described and have, either directly or indirectly, knowingly and willfully unlawfully used, distributed and marketed same, thereby becoming unjustly enriched by same and causing damages to Designer Skin in an amount to be proven at trial, and such wrongful conduct is continuing.

46.     Each and every separate act of copyright infringement by Defendants constitutes a separate claim herewith.

## COUNT SEVEN

### (Interference with Contractual Relations)

49.     Designer Skin incorporates herein by this reference all other allegations contained in this Complaint.

50.     Designer Skin sells, markets and distributes its Products for retail sale through independent distributors that enter into distributor agreements with Designer Skin for same.  The distribution rights of each distributor is restricted and limited by the language of the distributor agreements, each and every distributor is restricted from selling or otherwise providing Designer Skin's Products to internet retailers such as Defendants for sale on the internet.  Defendants are and have been aware that their purchase of Products from Designer Skin's distributors as alleged herein causes Designer Skin's distributors to violate the terms of their distributor agreements, and despite Designer Skin's demands that Defendants cease and desist their wrongful and unlawful conduct, they have failed and refused to do so. Defendants have falsely represented themselves and their intentions to Designer Skin's distributors in order to obtain Products, and Designer Skin's distributors have reasonably relied upon Defendants' misrepresentation as to same, thereby causing said distributors to violate the express terms of their agreements with Designer Skin, thereby causing Designer Skin to suffer damages in an amount to be proven at trial.

51.     Each and every separate act of interference with contractual relations by Defendants constitutes a separate claim herewith.

## COUNT EIGHT

### (Unfair Competition)

52.     Designer Skin incorporates herein by this reference all other allegations contained in this Complaint.

53.     Defendants' misuse of Designer Skin's intellectual property rights as alleged herein constitutes an unfair and unlawful business practice and a false designation of source, origin and/or fact in that such misuse is likely to cause confusion and/or mistake as to the source and origin of Designer Skin's Products. Defendants have been unjustly enriched and Designer Skin has suffered damages in an amount to be proven at trial as a result therewith.

54.     Each and every separate act of unfair competition by Defendants constitutes a separate claim herewith.

WHEREFORE, Designer Skin prays for relief against Defendants, and each of them, jointly and severally, as follows:

A.     For injunctive relief as requested in Count One herein;

B.     For an order directing Defendants to provide to Designer Skin for destruction any and all unlawful products or materials;

C.     For Designer Skin's damages in an amount to be proven at trial;

D.     For an amount equal to Defendants' profits realized as a result of Defendants' unlawful activity as alleged herein;

E.     For statutory damages as alleged herein and as proven at trial;

F.     For punitive damages in an amount to be proven at trial;

G.     For Designer Skin's attorney's fees pursuant to A.R.S. § 12-341.01, § 44-1441, *et seq.* and 15 U.S.C. § 1051, *et seq.*;

H.     For Designer Skin's non-taxable and taxable costs pursuant to A.R.S. § 12-341, § 44-1441, *et seq.* and 15 U.S.C. § 1051, *et seq.*; and

For such other and further relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Designer Skin hereby demands a trial by jury in the above-entitled action.

DATED this 14th day of November, 2005.

JENNINGS, HAUG & CUNNINGHAM, L.L.P.


By s/Elan S. Mizrahi
   Elan S. Mizrahi
   esm@jhc-law.com
   Attorneys for Plaintiffs

3708-0