**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Designer Skin, LLC, et al., | No. CV 05-3699-PHX-JAT |
| Plaintiffs, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| vs. | |
| S & L Vitamins, Inc., et al., | |
| Defendants. | |

The Court presided over a single trial on all legal and equitable claims remaining in this case on July 15, 16, and 17, 2008.[1] At the close of evidence, the Court granted Defendants' motion for judgment as a matter of law on all claims except Plaintiff Designer Skin, LLC's[2] equitable claim for injunctive relief against Defendant S & L Vitamins, Inc. The Court now addresses this remaining claim, which raises the following two issues: (1) whether S & L Vitamins has infringed any of Designer Skin's copyrights; and if so, (2) whether Designer Skin is entitled to permanent injunctive relief. The Court hereby finds and concludes as follows:

---

[1] The Court resolved a number of claims at the summary-judgment stage of this litigation. See *Designer Skin, LLC v. S & L Vitamins, Inc.*, 560 F. Supp. 2d 811 (D. Ariz. 2008).

[2] There are actually three plaintiffs in this suit: Designer Skin, LLC; Splash Tanning Products, LLC; and Boutique Tanning Products, LLC. But for purposes of this litigation, the parties have treated them as the single entity "Designer Skin."

## I.       FINDINGS OF FACTS

1.       Designer Skin is the exclusive creator and manufacturer of the following 42 indoor tanning products: Ultimate Love Junkie; Secret Rapture; Revival; Sheer Wisdom; Ray of Light; Vanishing Act; Designer Skin Intrigue; Tao; Designer Skin Mood; Designer Skin Worship; Worship Me; Designer Skin Goddess; Halo; Designer Skin Spellbound; Designer Skin Speed of Light; Designer Skin Shine; Designer Skin Saving Face; Amazing Face; Addicted to Love; Designer Skin Drama Queen; Enamor; Flare; Undercover Angel; Designer Skin Bombshell; Designer Skin Believe; Splash Get Down Brown; Ritual; Shrine; Dolce; Whisper; Veritas; Boutique Bronze Camouflage; Bohemia; Bronze Bondage; Smolder; Siren; Angel; Gold Digger; Ego Maniac; Triple Play; Splash Hustle; and Bipolar (the "Products").

2.       Designer Skin is the exclusive creator of certain artwork associated with the Products, including the labels that appear on the physical Products themselves and the electronic renderings of the Products that appear on its website, www.designerskin.com.

3.       Designer Skin has conceded that taking and displaying photographs of the physical Products does not infringe its copyrights in the labels on those Products.  Thus, the only copyrights allegedly infringed by S & L Vitamins are the copyrights in the electronic renderings of the Products.[3]

4.       The electronic renderings of the Products are displayed on Designer Skin's website for advertising and marketing purposes only.

5.       Designer Skin owns registered copyrights in both (1) the labels that appear on its Products and (2) its website.

---

[3]   Designer Skin also claimed that S & L Vitamins has infringed Designer Skin's copyrights in the electronic renderings of 12 other products that appear on its website: The Big O; Pure Intentions; Freedom; Choc-o-holic; Daddy-O; Floozy; Fortune; Boutique Bloom; Secret Stash; Try Me; Faker; and Shameless ("Other Products").  The advisory jury, however, found that S & L Vitamins has not infringed these copyrights.  On the basis of this finding, the Court likewise finds as a fact that S & L Vitamins has not infringed Designer Skin's copyrights in the electronic renderings of these Other Products.

6.    These copyright registrations provide overlapping protection for Designer Skin's copyrights in the electronic renderings of the Products that appear on its website.

7.    Although slight, there are some noticeable differences between the look of the physical Products themselves and the electronic renderings of the Products that appear on Designer Skin's website.

8.    Designer Skin's website is publicly accessible.

9.    An internet user can copy an image from Designer Skin's website by right-clicking on the image, selecting copy, and then pasting the image in the user's desired location. The copied image can then be altered in various ways, including reducing the image's size.

10.   S & L Vitamins is an internet reseller: it buys various products in bulk, including Designer Skin's Products, and resells those products at discount prices through its website located at www.thesupplenet.com.

11.   S & L Vitamins' website contains images that, except for being smaller, are identical to the electronic renderings of the Products that appear on Designer Skin's website.

12.   Designer Skin has never authorized S & L Vitamins to use any of its intellectual property rights for any purpose. Nor has S & L Vitamins ever requested that Designer Skin authorize it to use its intellectual property rights for any purpose.

13.   After the close of evidence at trial, an advisory jury found that S & L Vitamins has infringed Designer Skin's copyrights in the electronic renderings of the Products. On the basis of this finding, the Court likewise finds as a fact that S & L Vitamins has infringed Designer Skin's copyrights in the electronic renderings of the Products.

14.   The Court further finds that there is a significant likelihood that S & L Vitamins will continue to infringe Designer Skin's copyrights in the electronic renderings of the Products in the future.

## II.    CONCLUSIONS OF LAW

### A.  Subject Matter Jurisdiction

1.     As a preliminary matter, S & L Vitamins argues that the Court lacks subject matter jurisdiction over Designer Skin's copyright claims because Designer Skin did not register the copyrights at issue in this case, i.e., the electronic renderings of the Products, before commencing this action.

2.     "Registration is generally a jurisdictional prerequisite to a suit for copyright infringement."  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154 n.1 (9th Cir. 2007) (citing 17 U.S.C. § 411).  But the failure to register a copyright before filing suit for infringement is a defect that can be cured by a later registration.  *See, e.g.*, *Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 365-67 (5th Cir. 2004) (citing cases); *Proven Methods Seminars, LLC v. Am. Grants & Affordable Hous. Inst., LLC*, 519 F. Supp. 2d 1057, 1063-64 (E.D. Cal. 2007) (citing *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1025 (N.D. Cal. 2003)).

3.     The record in this case reflects that, after filing this infringement action, Designer Skin registered its copyrights in the labels that appear on the Products, as well as the copyrights in its website.  These registrations provide overlapping protection for the electronic renderings of the Products.  The Court therefore deems Designer Skin's noncompliance with § 411 to be cured.[4]

4.     Accordingly, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### B.  Copyright Infringement

5.     To establish copyright infringement, Designer Skin must prove by a preponderance of the evidence that (1) the plaintiff is the owner of a valid copyright and (2) the defendant copied original elements from the copyrighted work.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Swirsky v. Carey*, 376 F.3d 841,

---

[4] S & L Vitamins argues that the copyright registration for the labels does not protect the electronic renderings of the Products.

844 (9th Cir. 2004). The plaintiff may establish that the defendant copied from the plaintiff's work by proving that the defendant had access to the work and that the defendant's work is substantially similar to the plaintiff's work. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1018 (9th Cir. 1985).

7.    Because the parties stipulate that Designer Skin owns valid copyrights in the electronic renderings of the Products, the only issue this Court must decide is whether S & L Vitamins copied these copyrighted renderings.

8.    The uncontroverted evidence at trial demonstrated (1) that S & L Vitamins, along with the rest of the public, has access to Designer Skin's website; (2) that the electronic renderings of the Products appearing therein can be easily copied by simply right-clicking a mouse; and (3) that the images of the Products appearing in S & L Vitamins' website are, except for their size, identical to the electronic renderings appearing in Designer Skin's website. The Court therefore finds that S & L Vitamins has infringed Designer Skin's copyrights in the electronic renderings of the Products.

## C. Entitlement to Permanent Injunction

9.    The parties dispute the law governing the issuance of a permanent injunction in a copyright-infringement case. Relying on *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993), Designer Skin argues that "a permanent injunction [should] be granted in a copyright infringement case when liability has been established and there is a threat of continuing violations." [Doc. # 115 at 3.] Conversely, S & L Vitamins argues that the *MAI* rule has been overruled by the recent Supreme Court opinion in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), and that the traditional four-factor test reaffirmed by *eBay* applies.

10.   *MAI*'s general rule may accurately *describe* the result of applying the four-factor test to a copyright-infringement case in which liability has been established and there is a threat of continuing violations. Nevertheless, as Judge Wilson persuasively demonstrated in *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1209-10 (C.D. Cal. 2007), this general rule, as a rule, is clearly inconsistent

with the Supreme Court's decision in *eBay*. Thus, for the reasons given by Judge White in *Grokster*, Designer Skin's reliance on this pre-*eBay* rule is unavailing, and the Court will apply the traditional four-factor test.

11.     Before turning to this test, however, the Court must address a preliminary matter raised by Designer Skin. Designer Skin argues, in essence, that it need not meet its burden of proving the four-factor test because, according to Designer Skin, S & L Vitamins conceded that the evidence at trial was legally sufficient to satisfy this test by offering to stipulate to a permanent injunction in open court. This argument is meritless. S & L Vitamins' offer was no more than a settlement offer, which Designer Skin rejected. It was not an admission that the evidence at trial proved that Designer Skin is entitled to injunctive relief.[5]

12.     The Court now turns to the four-factor test. Before a court can grant permanent-injunctive relief, a plaintiff has the burden of proving:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay*, 547 U.S. at 391. The Court will address each factor in turn.

**1. Irreparable Harm**

13.     Although courts have articulated the meaning of "irreparable harm" in various ways, the core essence of these varying formulations seems to be that harm is irreparable when it cannot otherwise be remedied except through injunctive relief. *See Grokster*, 518 F. Supp. 2d at 1210 (noting differences between cases).

---

[5] Curiously, Designer Skin also argues that S & L Vitamins waived the sufficiency-of-the-evidence argument by failing to make it in a Rule 50(a) motion for judgment as a matter of law at trial. This argument, of course, is nonsense. Rule 50 only applies to jury trials, not to actions tried to the court with an advisory jury. Moreover, regardless of any motions S & L Vitamins did or did not make, Designer Skin (as the plaintiff) carries the burden of proof before the fact-finder.

14.   Before *eBay*, many courts indulged in a presumption of irreparable harm upon a finding of copyright infringement. *Grokster*, 518 F. Supp. 2d at 1210 (citing cases). But after *eBay*, most courts addressing the issue have found the presumption to be irreconcilable with *eBay*'s holding that it is the plaintiff who "must demonstrate . . . irreparable injury," 547 U.S. at 391, because the application of the presumption would effectively shift the burden of proof to the defendant. *See, e.g.*, *Grokster*, 518 F. Supp. 2d at 1211 (holding "that the presumption of irreparable harm no longer inures to the benefit of Plaintiffs" because "[s]uch a rule would contravene the Supreme Court's intent that Plaintiffs establish not merely that infringement causes 'harm,' but how it amounts to *irreparable* harm"); *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 568 (E.D. Va. 2007) (holding that "a presumption of irreparable harm is inconsistent with the Supreme Court's instruction that traditional equitable principles require *the plaintiff* to demonstrate that it has suffered an irreparable injury"). There is no reason to doubt the soundness of this reasoning, and this Court embraces it. As a result, it is now clear that past infringement alone cannot equal *irreparable* harm. *Grokster*, 518 F. Supp. 2d at 1214.

15.   But query whether a finding of past infringement coupled with a threat of future violations is sufficient to constitute irreparable harm. The district judge in *Grokster* did not think so, reasoning that "future copyright infringement can always be redressed via damages." *Id.* at 1215. But Chief Justice Roberts, with whom Justices Scalia and Ginsburg joined, suggested otherwise in an *eBay* concurrence. 547 U.S. at 395 (noting "the difficulty of protecting a right to *exclude* through monetary remedies that allow an infringer to *use*"). And the Eighth Circuit has stated, albeit in a pre-*eBay* decision, that "irreparable harm inescapably flows from the denial of [the right to control the use of one's copyrighted materials]." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005); *see also MercExchange*, 500 F. Supp. 2d at 568 (stating that "the right to exclude . . . will frequently result in

1   a plaintiff successfully establishing irreparable harm in the wake of establishing
2   validity and infringement").

3   16.   Whatever else might be said against the propriety of a rule that holds that past
4         infringement plus the threat of future infringement equals irreparable harm, it seems
5         clear to this Court that such a rule would not run afoul of *eBay*'s directives.  First of
6         all, the *eBay* Court did not address the showing necessary to establish "irreparable
7         harm."  It merely held that the plaintiff has the burden of proving it.  547 U.S. at 391.
8         Second, this two-part test does not resurrect the "presumption of irreparable harm"
9         impliedly laid to rest by the *eBay* court.  It simply recognizes that a plaintiff meets the
10        burden of *proving* irreparable harm by making this two-part showing.  And finally,
11        the two-part test does not represent "a rule that an injunction automatically follows
12        a determination that a copyright has been infringed."  *Id.* at 392-93.  In exercising
13        their equitable discretion, courts would still have the freedom to deny injunctive relief
14        when the public interest or the balance of hardships weighs against such relief.[6]

15  17.   In the end, however, this Court need not stake out its position on this issue to
16        determine whether irreparable harm is present in the case before it.  S & L Vitamins
17        is an internet reseller of Designer Skin products.  In conducting its internet business,
18        S & L Vitamins has impermissibly used 42 of Designer Skin's copyrighted images to
19        market the products, without ever paying Designer Skin one cent in licensing fees.
20        Designer Skin does not want S & L Vitamins to use its copyrighted images.
21        Throughout this litigation and even before, S & L Vitamins has repeatedly shunned
22        Designer Skin's efforts to protect its copyright interests by claiming that the images
23        appearing on its websites are lawful photographs of Designer Skin's products.  Yet

24

25        _____

26        [6]  The opportunity to deny injunctive relief for other reasons also explains why the
     two-part test does not conflict with the *eBay* Court's statement that "the creation of a right
27   is distinct from the provision of remedies for violations of that right."  *Id.* at 392.  Although
     violations of the right to exclude would establish irreparable harm, they would not in and of
28   themselves guarantee injunctive relief.

at trial, S & L Vitamins offered no proof to support this contention.  Certainly S & L Vitamins had every right to decline to put on a defense case and to put Designer Skin to its burden of proof at trial.  But the complete lack of evidence to support S & L Vitamins' factual contention "do[es] not inspire confidence that [S & L Vitamins] poses no threat of future infringements."[7]  *Broad. Music, Inc. v. Blueberry Hill Family Rests.*, 899 F. Supp. 474, 483 (D. Nev. 1995) (inferring a threat of future infringement from the "thin excuses" the defendant made when confronted with infringement allegations).  Finally, the nature of the infringing activity in this case makes actual damages difficult to prove—after all, how do you quantify the value of a product license that has no market?—and the availability of statutory damages in the wake of *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008),[8] is uncertain at best.  Failing to issue an injunction under the circumstances of this case would be tantamount to forcing Designer Skin to license its copyrighted images to S & L Vitamins for some unknown price yet to be determined in future litigation (if possible), thus rendering its right to exclude others from using its images illusory.  Designer Skin has established irreparable harm.

### 2.  Inadequate Remedy at Law

18.   "'[T]he requisite analysis of the second factor of the four-factor test inevitably overlaps with that of the first . . . .'"  *Grokster*, 518 F. Supp. 2d at 1219 (quoting *MercExchange*, 500 F. Supp. 2d at 582).  Thus, pursuant to the discussion above, Designer Skin has established that it lacks an adequate remedy at law.

---

[7] This is especially true in light of the Court's summary-judgment ruling that the only triable issue of fact was whether the images on S & L Vitamins' websites were lawful photographs or infringing copies of Designer Skin's electronic renderings.  [Doc. # 76 at 12.]

[8] Statutory damages are unavailable "for any infringement of copyright commenced . . . before the effective date of its registration."  17 U.S.C. § 412(c).  *Poof* holds that "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412."  528 F.3d at 701 (emphasis omitted).

### 3.  Balance of Hardships

19.   On the one hand, S & L Vitamins argues that its business will suffer dramatically if it cannot display images of Designer Skin's products.  On the other hand, without an injunction, Designer Skin is at risk of future, needless litigation to enforce its copyrights.  (The Court has previously explained why S & L Vitamins poses a threat of future infringements.)  Because the injunction crafted by the Court will not enjoin S & L Vitamins from displaying original *photographs* of the products, S & L Vitamins' claimed hardship is alleviated, and this factor weighs in favor of issuing an injunction.

### 4.  Public Interest

20.   Finally, the public interest in protecting the exclusive rights conferred upon a copyright holder will be served by issuing an injunction, *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983), and S & L Vitamins has not identified any public interest that will be disserved by the issuance of an injunction.

21.   Designer Skin, therefore, has satisfied the four-factor test, and this Court, in the exercise of its discretion, shall issue a permanent injunction in favor of Designer Skin and against S & L Vitamins as set forth in the Final Judgment and Permanent Injunction issued concurrently with this Order.

### D.  Costs

22.   Both Designer Skin and S & L Vitamins claim to be the "prevailing party" in this action for purposes of costs under Federal Rule of Civil Procedure 54(d).[9]  S & L Vitamins argues that it is the "prevailing party" because, although the Court is issuing an injunction against it, the injunction is of limited scope and it has prevailed on nearly all the other claims in this case.  Designer Skin argues that it is the "prevailing

_____

[9]   The Court declines to view Defendant Larry Sagarin as distinct from S & L Vitamins for purposes of determining the "prevailing party" in this case because the issues involving these parties overlapped for all cost-incurring purposes.

1    party" because it has obtained a judgment on 42 claims of copyright infringement and

2    a permanent injunction with regard to those 42 infringed copyrights.

3    23.    The district court has "wide discretion in awarding costs."   *K-S-H Plastics, Inc. v.*

4    *Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969).  Where neither party has been entirely

5    successful, the court has the discretion to apportion costs between the parties.  *See,*

6    *e.g.*, *id.*; *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th

7    Cir. 1980) (holding that the district court did not abuse its discretion in ordering each

8    party to bear its own costs); *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d

9    993, 999 (5th Cir. 1976) (recognizing the district court's authority to order that  each

10   party bear its own costs under).

11   24.    Here, S & L Vitamins prevailed on the bulk of the claims and issues in this case, see

12   *Designer Skin, LLC v. S & L Vitamins, Inc.*, 560 F. Supp. 2d 811 (D. Ariz. 2008), and

13   the injunction ultimately entered against it is of limited scope.  Designer Skin,

14   however, proved that S & L Vitamins has infringed 42 of Designer Skin's copyrights,

15   and that there is a likelihood of future infringement.  Under these circumstances, the

16   Court orders that each party shall bear its own costs in this matter.

17   **E.  Conclusion**

18   Based on the foregoing findings of fact and conclusions of law,

19   **IT IS ORDERED** that S & L Vitamins has infringed Designer Skin's copyrights in

20   the electronic renderings of the 42 products styled Ultimate Love Junkie, Secret Rapture,

21   Revival, Sheer Wisdom, Ray of Light, Vanishing Act, Designer Skin Intrigue, Tao, Designer

22   Skin Mood, Designer Skin Worship, Worship Me, Designer Skin Goddess, Halo, Designer

23   Skin Spellbound, Designer Skin Speed of Light, Designer Skin Shine, Designer Skin Saving

24   Face, Amazing Face, Addicted to Love, Designer Skin Drama Queen, Enamor, Flare,

25   Undercover Angel, Designer Skin Bombshell, Designer Skin Believe, Splash Get Down

26   Brown, Ritual, Shrine, Dolce, Whisper, Veritas, Boutique Bronze Camouflage, Bohemia,

27   Bronze Bondage, Smolder, Siren, Angel, Gold Digger, Ego Maniac, Triple Play, Splash

28

1   Hustle, and Bipolar, and that Designer Skin is entitled to a permanent injunction enjoining

2   S & L Vitamins from any such future infringement of these copyrights;

3        **IT IS FURTHER ORDERED** that S & L Vitamins has not infringed Designer Skin's

4   copyrights in the electronic renderings of the 12 products styled The Big O, Pure Intentions,

5   Freedom, Choc-o-holic, Daddy-O, Floozy, Fortune, Boutique Bloom, Secret Stash, Try Me,

6   Faker, and Shameless;

7        **IT IS FURTHER ORDERED** that each party shall bear its own costs in this matter.

8        DATED this 5th day of September, 2008.

9

10

11

12

13

14   _____
                James A. Teilborg
15            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28