**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Designer Skin, LLC, et al., | No. CV 05-3699-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| S&L Vitamins, Inc., et al., | |
| Defendants. | |

Currently before the Court is S&L Vitamins, Inc. d/b/a Body Source d/b/a thesupplenet.com's ("Defendant") Motion for Costs pursuant to Rule 68 of the Federal Rules of Civil Procedure.  (Dkt. #125.)  Designer Skin, LLC ("Plaintiff") filed a Response on September 29, 2008 (Dkt. #127), and Defendant filed a Reply on October 6, 2008.  (Dkt. #133.)  Although styled as a motion for costs, given the nature of the arguments presented, the Court will treat Defendant's motion as a Motion for Clarification of the Court's September 5, 2008 Order.  (Dkt. #124.)  The Court now issues the following Order.

On September 5, 2008, this Court entered final judgment and a permanent injunction in favor of Plaintiff pursuant to 17 U.S.C. § 502.  (Dkt. #124.)  Under Title 17 of the United States Code, "the court in its discretion may allow the recovery of full costs by or against any party . . . ."  17 U.S.C. § 505.  In its discretion, the Court ordered and decreed that "each party shall bear its own costs in this matter."  (Dkt. #124.)

1     However, at the time final judgment was entered, the Court did not have any

2  information before it regarding Defendant's Rule 68 offer of judgment.  Under Rule 68, if

3  a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by the

4  plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred

5  subsequent to the offer.  *See* Fed.R.Civ.P. 68(d).  The award is mandatory; Rule 68 leaves

6  no room for the court's discretion.  *See United States v. Trident Seafoods Corporation*, 92

7  F.3d 855, 859 (9th Cir. 1996).  As such, the Court's decree in its September 5, 2008 Order

8  was in reference to costs permitted to be recovered under 17 U.S.C. § 505; it did not address

9  whether Defendant was entitled to recover costs pursuant to Rule 68 of the Federal Rules of

10  Civil Procedure.[1]

11     Plaintiff argues, assuming *arguendo* that Defendant is entitled to recover costs under

12  Rule 68, the Court must deny Defendant's request because it failed to file a bill of costs

13  required by LRCiv 54.1.  Rule 54.1 of the Local Rules of Civil Procedure requires that

14  > [a] party entitled to costs shall, within 10 days after the entry of
15  > final judgment, unless time is extended under Rule 6(b), Federal
     > Rules of Civil Procedure, file with the Clerk of the Court and
16  > serve upon all parties, a bill of costs on a form provided by the
     > Clerk.  This bill of costs shall include a memorandum of the
17  > costs and necessary disbursements, so itemized that the nature
     > of each can be readily understood, and, where available,
18  > documentation of requested costs in all categories must be
     > attached.

19  LRCiv 54.1.

20     Defendant's Motion for Costs was filed on September 15, 2008, 4 days before

21  Defendant was required to file a bill of costs pursuant to LRCiv 54.1.  Defendant however

22  contends that it was not required to file a bill of costs because the Court's September 5, 2008

23  Order provided that neither party was entitled to recover costs, and therefore LRCiv 54.1 was

24  not applicable at the time Defendant filed its motion.  Given the ambiguity in the Court's

25

26

_____

27     [1]In clarifying the September 5, 2008 Order, the Court does not address whether
   Defendant is actually entitled to recover costs pursuant to Rule 68 of the Federal Rules of
28  Civil Procedure.

1    September 5, 2008 regarding the recovery of costs, the Court will also treat the instant

2    motion as a motion for extension of time to file a bill of costs.

3            Under Rule 6 of the Federal Rules of Civil Procedure, "[w]hen an act may or must be

4    done within a specified time, the court may, for good cause, extend the time: (A) with or

5    without motion or notice if the court acts, or a request is made, before the original time or its

6    extension expires . . . ." Fed.R.Civ.P. 6(b)(1)(A).  Defendant's motion was timely filed;

7    therefore the Court may for good cause shown grant an extension of time to file.  *See id*.

8            In its motion, Defendant addresses LRCiv 54.1 and concludes that "a bill of costs

9    would only properly be submitted upon a ruling by the Court granting this motion and setting

10   a deadline for such submission." Clearly, Defendant was aware of LRCiv 54.1.  If Defendant

11   had been aware that this Court's September 5, 2008 Order regarding fees was not in

12   reference to costs pursuant to Rule 68, the Court finds that it is probable that Defendant

13   would have timely filed a bill of costs rather than its instant motion.  Accordingly, the Court

14   finds that Defendant has shown good cause for an extension of time to file,[2] and will permit

15   Defendant to submit a bill of costs within ten days of this Order.  *See* Fed.R.Civ.P.

16   6(b)(1)(A).

17           **IT IS THEREFORE ORDERED** clarifying the Court's September 5, 2008 Order.

18   The Court's Order that "each party shall bear their own costs in this matter" was in reference

19   to the recovery of costs under 17 U.S.C. § 505.  The September 5, 2008 Order did not address

20   whether Defendant was entitled to recover costs pursuant Rule 68 of the Federal Rules of

21   Civil Procedure.

22

23

---

24       [2]In the alternative, the Court finds that Defendant's belief regarding the necessity to

25   file a motion for costs rather than a bill of costs, at a minimum, establishes that Defendant's
     failure to comply with LRCiv 54.1 was due to excusable neglect.  "When any act may or

26   must be done within a specified time, the court may for good cause, extend the time: . . . (B)
     on motion made after the time has expired if the party failed to act because of excusable

27   neglect."  Therefore, were Defendant to file a motion for extension of time to file, the Court

28   would grant such a motion.

1    **IT IS FURTHER ORDERED** that Defendant shall have ten days from the entry of

2  this Order to file a bill of costs with the Clerk of the Court.

3    **IT IS FURTHER ORDERED** that Defendant's Motion for Costs pursuant to Rule

4  68 of the Federal Rules of Civil Procedure is **DENIED** as moot.  (Dkt. #125.)

5    DATED this 8th day of April, 2009.

6

7

8    _____
     James A. Teilborg
9    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -